J-S27005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER W. LEBER, | |
| Appellant | No. 1862 MDA 2015 |

Appeal from the Judgment of Sentence September 28, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002753-2007

BEFORE:  SHOGAN and DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                     **FILED APRIL 21, 2016**

Appellant, Christopher W. Leber, appeals from the September 28, 2015 judgment of sentence of ten days to six months of imprisonment entered following his conviction at a bench trial of driving under the influence, general impairment.  Following our careful review, we affirm.

The trial court summarized the facts of the crime as follows:

> At approximately 2:00 A.M. on September 24, 2006[1], Pamela Wilson was traveling south on Pennsylvania state Route 441 when she observed a white Ford Explorer in front of her being driven erratically.  She followed the vehicle for approximately 3 to 4 miles and saw the vehicle repeatedly swerve "over the center line into the other lane," then called 911, reporting that she was following what appeared to be a drunk driver.[2]  In all she observed the vehicle swerve across the center line approximately 15 times before entering Columbia Borough.  She was 2 or 3 car lengths behind [Appellant's]

---

[*]  Former Justice specially assigned to the Superior Court.

vehicle as it traveled down a hill into Columbia Borough when she saw it strike a concrete barrier, go airborne, and "land . . . half on the sidewalk and half on the back of a parked car that was there."

> [1] The delay between the charge and [Appellant's] bench trial was caused by [Appellant's] failure to appear and being wanted on a Bench Warrant for more than seven years.
>
> [2] Pennsylvania State Route 441 is a two-lane road.

Officer Ryan Clingan of the Columbia Borough Police Department responded to the 911 call and observed the white Ford Explorer as it descended the hill and entered the Borough.[3] The officer saw [Appellant's] vehicle, "coming down the hill south on 441" followed by the vehicle in which Pamela Wilson was a passenger. He recalled that he clearly saw [Appellant's] vehicle "swerve . . . over the center line," crash into a sign on a corner, go onto the sidewalk and then into a parked car with the "sign embedded into the hood of the vehicle."

> [3] On the date of the accident, [Officer] Clingan was employed as a Patrolman in Columbia Borough.

Immediately after witnessing the accident, Officer Clingan called for EMS assistance and approached the driver's side window of the vehicle. [Appellant] Christopher W. Leber was the only occupant and was found in the driver's seat. When he looked into the vehicle, Officer Clingan observed an "open cooler" with bottles and cans of beer and "an open beer in the front of the car" within reach of [Appellant]. This container "was open as if [Appellant] was consuming it." The cooler was upright and the lid was open although some beer cans and bottles had spilled out of the cooler. Officer Clingan testified that [Appellant] had slurred speech, glassy eyes, and that [Appellant's] breath smelled of alcohol. He also noticed that [Appellant] had slow movements and was bleeding from his head. Officer Clingan concluded, based on his training and experience, that [Appellant] was most likely DUI.[4] Based on this conclusion, Officer Clingan charged [Appellant] with DUI, general impairment.[5]

[4] Officer Clingan did not have [Appellant] perform the standard field sobriety tests due to [Appellant's] head injury and, despite requesting a blood sample from Lancaster General Hospital ("LGH") almost immediately after the accident, was unable to obtain [Appellant's] blood sample because LGH did not collect one.

[5] 75 Pa.C.S.A. § 3802(a)(1).

Trial Court Opinion, 12/1/15, at 1–3 (citations to record omitted).

Appellant was charged with one count of DUI, general impairment and as noted, apparently failed to appear for trial in 2006. A bench warrant issued, and on September 28, 2015, Appellant, who resided in Florida, appeared for a bench trial.[1] N.T., 9/28/15, at 47. Pamela Wilson and Officer Clingan testified, as did Appellant. The trial court found Appellant guilty of DUI, general impairment and sentenced him to ten days to six months of incarceration, imposed a $1,000 fine, and suspended his driver's license for twenty-two months. *Id*. Appellant filed a timely notice of appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following single issue on appeal:

WAS THE EVIDENCE PRESENTED AT TRIAL SUFFICIENT TO SUSTAIN A CONVICTION FOR DRIVING UNDER THE INFLUENCE UNDER 75 PA.C.S.A. 3802(a)(1)?

Appellant's Brief at 4.

_____

[1] The record does not reveal the actions leading to Appellant's custody and incarceration prior to the instant trial.

- 3 -

In reviewing a sufficiency challenge, "we must decide whether the evidence admitted at trial, and all reasonable inferences drawn therefrom in favor of the Commonwealth, as verdict winner," are sufficient to support all elements of the offense. *Commonwealth v. Hitcho*, 123 A.3d 731, 746 (Pa. 2015). The trial court, sitting as the finder of fact, is free to believe some, all, or none of the evidence. *Commonwealth v. Cousar*, 928 A.2d 1025 (Pa. 2007); *Commonwealth v. Tejada*, 107 A.3d 788, 792–793 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Roberts*, ___ A.3d ___, ___, 2016 PA Super 22, at *5 (Pa. Super. filed February 2, 2016) (quoting *Commonwealth v. Brooks*, 7 A.3d 852, 856–857 (Pa. Super. 2010)). As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Rogal*, 120 A.3d 994 (Pa. Super. 2015).

Appellant was convicted of DUI pursuant to 75 Pa.C.S. § 3802(a), which provides as follows:

**(a) General impairment.--**

> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1). In order to be found guilty of DUI—general impairment, "the Commonwealth [must] prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009). Unlike the other subsections of DUI, general impairment does not require proof that the accused had a blood alcohol level in excess of the legal limit. *Id*. While a blood alcohol level may be relevant, it is not necessary. *Id*. What is necessary, however, is evidence that the accused was unable to drive safely due to the consumption of alcohol. *Id*.

Our Supreme Court described the types of evidence the Commonwealth may use to prove DUI, general impairment as follows:

> The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary. . . . The weight to be assigned these various types of evidence presents a question for the factfinder, who may rely on his or her experience, commonsense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol—not on a particular blood alcohol level.

*Id*. at 879.

Appellant asserts that the Commonwealth failed to produce evidence of his blood-alcohol level or evidence of performance of field-sobriety tests. Appellant's Brief at 9. *Segida* teaches that such evidence is not required. *Segida*, 985 A.2d at 879; *see also Commonwealth v. Griffith*, 32 A.3d 1231, 1238 (Pa. 2011) ("Although the Commonwealth may proffer evidence of alcohol level . . . to establish that the defendant had imbibed sufficient alcohol to be rendered incapable of driving safely, it is not required to do so under subsection 3802(a)(1) . . . . This is well-established, long-standing law in Pennsylvania.").

Appellant suggests that his glassy eyes, slow movements, and odor of alcohol from his breath could have been attributed to the fact that he was "bleeding from his head" and the spilling of beverages in his car. Appellant's Brief at 9. Appellant's contention, however, ignores our standard of review, which requires us to view the evidence in the light most favorable to the Commonwealth, as verdict winner. *Hitcho*, 123 A.3d at 746. At trial, witness Pamela Wilson testified that Appellant was driving erratically by crossing into oncoming traffic fifteen times. N.T., 9/28/15, at 6. In fact, the witness, who followed Appellant for "probably a half hour," testified that Appellant's vehicle "was over the whole way on the other side of the road. . . .[H]e was actually on the other side of the road. So if there was a vehicle coming towards him, they would have hit head-on." *Id*. at 5.

Officer Clingan, who responded to Ms. Wilson's 911 call, also saw Appellant drive over the center line, hit a sign, swerve onto a sidewalk, and crash into a parked car. N.T., 9/28/15, at 11–12. The officer observed that Appellant had bloodshot, glassy eyes, slurred speech, and slow movements. *Id*. at 15. Officer Clingan observed an open, upright cooler in the back of the vehicle and an open can of beer in the front. *Id*. The officer testified that he "immediately smell[ed] the odor of alcohol" as he spoke to Appellant. *Id*.

The trial court found Appellant's explanation at trial "incredible" and that it "defies belief." Trial Court Opinion, 12/1/15, at 7. Moreover, it found no merit to Appellant's claim that "containers of alcohol in the front of his vehicle were opened only by the impact of the crash." *Id*. at 8.

Upon review of the parties' briefs, the certified record, and our standard of review, we conclude that the trial court properly determined that sufficient evidence was produced at trial to support a finding of guilt of DUI, general impairment.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2016

- 7 -